IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| **LANDESBANK BADEN-WÜRTTEMBERG,** | * | |
| | * | |
| Plaintiff | * | |
| | * | |
| v. | | CIVIL No. 12-cv-2969-JKB |
| | * | |
| **ATRADIUS TRADE CREDIT INSURANCE, INC. ,** | * | |
| | * | |
| Defendant | * | |
| | * | |

\* \* \* \* \* \* \* \* \* \* \* \*

## MEMORANDUM

Landesbank Baden-Württemberg ("Plaintiff") brought this suit against Atradius Trade Credit Insurance, Inc. ("Defendant") seeking to recover the attorneys' fees it incurred in a prior arbitration. Now pending before the Court are Defendant's motion to dismiss the complaint or, in the alternative, to compel arbitration (ECF No. 14), and Plaintiff's motion for an order directing the parties to promptly conduct a conference pursuant to FED. R. CIV. P. 26(f) (ECF No. 22). The issues have been briefed and no hearing is required. Local Rule 105.6. For the reasons set forth below, Defendant's motion will be GRANTED IN PART and DENIED IN PART, and Plaintiff's motion will be DENIED AS MOOT.

I.   BACKGROUND

Through an affiliate, Plaintiff purchased a credit insurance policy from Defendant with a term effective February 1, 2008 through January 31, 2010 (the "Policy"). (Compl. ¶ 6, ECF No. 1.) The credit insurance policy contained the following arbitration provision:

1

> All disputes arising under, or in connection with this policy, shall exclusively be referred to arbitration in Baltimore, Maryland, unless otherwise agreed by you and us, under the Rules of the American Arbitration Association by one or more arbitrators appointed in accordance with said Rules.

(*Id.* ¶ 7.)  At some point before July 2010, Defendant refused to pay a claim made by Plaintiff under the Policy.  (*Id.* ¶ 6.)

In July 2010, Plaintiff initiated an arbitration action in Baltimore, Maryland.  (Compl. ¶ 5.)  During the course of the arbitration, the parties agreed that the Maryland Uniform Arbitration Act ("MUAA") would govern procedural matters, and "that Texas substantive law applied in respect to the rights and duties of the parties."  (*Id.* ¶ 9.)  On December 20, 2011, Plaintiff sent a letter to Defendant outlining its positions that (1) in the event that the arbitration panel found in Plaintiff's favor, Plaintiff was entitled under Texas law to an award of attorneys' fees; and (2) the arbitration panel did not have authority under the MUAA to award Plaintiff its attorneys' fees.  (*Id.* ¶ 14.)  In the letter, Plaintiff sought Defendant's consent to expand the scope of the arbitration panel's authority to allow it to determine the issue of attorneys' fees, and asked in the alternative "whether [Defendant] would prefer to litigate the attorney's fee issue in a Maryland district court."  (*Id.*)  Defendant responded with an email promising to provide a formal response to Plaintiff's letter, but Defendant never provided such a response.  (*Id.* ¶ 15.)

On July 13, 2012, the arbitration panel entered an award in favor of Plaintiff in the amount of $2,024,293.95, plus interest, administrative fees, and expenses.  (*Id.* ¶ 16.)  After the arbitration award was entered, the parties exchanged additional correspondence on the issue of Plaintiff's basis for seeking attorneys' fees.  (*Id.* ¶¶ 17-19.)  On October 8, 2012, Plaintiff initiated this action seeking an award of its attorneys' fees incurred in connection with the arbitration proceeding.  (*Id.* ¶ 23.)

2

## II. LEGAL STANDARD

A motion to dismiss under FED. R. CIV. P. 12(b)(6) is a test of the legal sufficiency of a complaint. *Edwards v. City of Goldsboro*, 178 F.3d 231, 243 (4th Cir. 1999). To pass this test, a complaint need only present enough factual content to render its claims "plausible on [their] face" and enable the court to "draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The plaintiff may not, however, rely on naked assertions, speculation, or legal conclusions. *Bell Atl. v. Twombly*, 550 U.S. 544, 556-57 (2007). In assessing the merits of a motion to dismiss, the court must take all well-pled factual allegations in the complaint as true and construe them in the light most favorable to the plaintiff. *Ibarra v. United States*, 120 F.3d 472, 474 (4th Cir. 1997). If after viewing the complaint in this light the court cannot infer more than "the mere possibility of misconduct," then the motion should be granted and the complaint dismissed. *Iqbal*, 556 U.S. at 679.

Federal law controls the interpretation of arbitration agreements, even where a contract includes a choice-of-law provision. *Smith Barney, Inc. v. Critical Health Sys. of N.C., Inc.*, 212 F.3d 858, 861 n.1 (4th Cir. 2000). The Federal Arbitration Act ("FAA") provides that written arbitration agreements "shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract." 9 U.S.C. § 2. This section is "a congressional declaration of a liberal policy favoring arbitration agreements." *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 24 (1983). In order to compel arbitration, the Court must determine that (1) an arbitration agreement exists between the parties; and (2) the dispute at issue falls within the scope of the arbitration agreement. *See Hightower v. GMRI, Inc.*, 272 F.3d 239, 242 (4th Cir. 2001). Any doubts about whether a given dispute falls within the

3

scope of an arbitration clause must be resolved in favor of arbitration. *Long v. Silver*, 248 F.3d 309, 316 (4th Cir. 2001), *overruled on other grounds*, *Hertz Corp. v. Friend*, 559 U.S. 77 (2010).

### III.   ANALYSIS

Defendant argues that Plaintiff should have presented its request for attorneys' fees to the arbitration panel, and its failure to raise the issue in that forum precludes this claim as *res judicata*. In the alternative, Defendant argues that Plaintiff's claim for attorneys' fees is subject to the arbitration provision and so should be submitted to arbitration. For reasons explained below, the Court will first address Defendant's motion to compel arbitration.

The parties do not dispute that an arbitration agreement exists between them, or that it applies to "[a]ll disputes arising under, or in connection with" the Policy. (Compl. ¶ 7.) The issue for the Court is arbitrability—whether the parties have submitted this particular dispute to arbitration. An agreement to arbitrate is fundamentally a matter of contract, and "a party cannot be required to submit to arbitration any dispute which [it] has not agreed so to submit." *Carson v. Giant Food, Inc.*, 175 F.3d 325, 328-29 (4th Cir. 1999) (internal citations omitted). For that reason, "the determination of what disputes are arbitrable is focused on the intent of the parties." *Id.* The question of arbitrability is an issue for judicial determination unless the agreement clearly and unmistakably declares otherwise. *Peabody Holding Co., LLC v. United Mine Workers of Am., Int'l Union*, 665 F.3d 96, 102 (4th Cir. 2012).

Plaintiff's complaint asks the Court to award it the attorneys' fees it incurred in the previous arbitration, in which Plaintiff was awarded damages for breach of contract. Plaintiff's claim for attorneys' fees *arises under* the Policy, because Plaintiff seeks an additional remedy to which it is allegedly entitled under the Policy. Alternatively, the claim for attorneys' fees *arises in connection with* the Policy, because the claim has "a significant relationship to the contract."

*J.J. Ryan & Sons, Inc. v. Rhone Poulenc Textile, S.A.*, 863 F.2d 315, 321 (4th Cir. 1988). The fees were incurred, after all, in an effort to enforce the terms of the Policy. Under either analysis, the dispute over Plaintiff's attorneys' fees falls within the scope of the arbitration agreement.

Plaintiff argues that despite the above analysis, the parties did not agree to arbitrate the issue of its entitlement to recover attorneys' fees. Plaintiff argues that it was procedurally barred by the MUAA from raising the issue before the arbitration panel, and even an arbitration provision as broad as the one at issue should not be interpreted to encompass claims that the arbitration panel lacks the authority to grant.

Section 3-221(b) of the MUAA provides: "Unless the arbitration agreement provides otherwise, the award may not include counsel fees." MD. CTS. & JUD. PROC. § 3-221(b). The application of this statute to the case at hand is ambiguous at best. Plaintiff argues that it could not have sought attorneys' fees in the original arbitration because the Policy does not "expressly" provide for the allocation of such fees. (*See, e.g.,* Pl. Br. at 2, 3, 16; ECF No. 20.) However, Plaintiff has not provided authority for the proposition that the Policy's choice-of-law provision—which selects Texas substantive law and creates Plaintiff's alleged right to recovery of its attorneys' fees—inadequately "provides" for Plaintiff's right to recover attorneys' fees under § 3-221(b).[1] It is simply not clear from the face of the contract and the relevant statutory

---

[1] The Court recognizes that in *MCR of America v. Greene*, 811 A.2d 331 (Md. Ct. Spec. App. 2002), the court vacated the arbitrator's award of attorneys' fees because the contract failed to "expressly provide" for recovery of such fees. *Id.* at 338-39. However, given the context of that case, the Court does not interpret it to foreclose the possibility that the choice-of-law provision in the Policy adequately "provides" for the recovery of attorneys' fees in this case. In *Greene*, the contract provided for the recovery of "fees and expenses" generally, but not for the recovery of attorneys' fees specifically. Given that context, the holding of *Greene* is that a provision for the recovery of "fees" is an insufficient basis for the recovery of attorneys' fees; the case did not hold that the invocation of a statutory scheme is an insufficient basis for awarding attorneys' fees. Furthermore, both *Greene* and *Birkey Design Group, Inc. v. Egle Nursing Home, Inc.*, 687 A.2d 256 (Md. Ct. Spec. App. 1997), allude to the sufficiency of a contractual or *statutory* basis for awarding attorneys' fees.

provisions how the agreement that the arbitration would be governed by the MUAA should be reconciled with the choice-of-law provision that selects Texas substantive law.[2]

Given this ambiguity, the availability of an award of attorneys' fees is not a question of arbitrability that the parties would have expected to be resolved by the courts rather than the arbitration panel. The broad scope of the arbitration clause suggests that the arbitration panel should decide issues of contractual construction. *See Green Tree Fin. Corp. v. Bazzle*, 539 U.S. 444, 453 (2003) ("Given [that the issue concerns contract interpretation and arbitration procedures], along with the arbitration contracts' sweeping language concerning the scope of the questions committed to arbitration, this matter of contract interpretation should be for the arbitrator, not the courts, to decide."). If Plaintiff had made similar arguments *before* the original arbitration, the Court would have been bound to defer such issues to the arbitration panel in the first instance. *See PacifiCare Health Sys., Inc. v. Book*, 538 U.S. 401, 406-07 (2003) (deferring the construction of ambiguous provisions concerning "remedial limitations" to the arbitrator in the first instance); *see also Tobacco Workers Int'l Union, Local 317 v. Lorillard Corp.*, 448 F.2d 949, 955 (4th Cir. 1971) (deferring the issue of the availability of a particular remedy to the arbitrator). Plaintiff should not be allowed to avoid making these arguments to the arbitration panel by electing not to raise the issue in the original arbitration and then arguing in this Court that the panel lacked the necessary authority to decide the issue.

In light of the above ruling, the Court defers the issue of *res judicata* to the arbitration panel. In order to determine whether the claim is precluded, the Court would have to determine,

---

[2] Plaintiff argues that this claim should not be submitted to arbitration because Defendant "acknowledges that an arbitration panel cannot award the very relief that [Plaintiff] is seeking in this Court." (Pl. Br. at 14.) However, Defendant did not stipulate to that proposition during the original arbitration; the complaint alleges that Defendant took no position on the arbitration panel's authority to award attorneys' fees at the time. (*See* Compl. ¶¶ 14, 15.) Defendant is free to argue in the alternative to this Court that (1) the arbitration panel has no authority to award Plaintiff its attorneys' fees, but (2) if the arbitration panel has that authority, then Plaintiff is procedurally required to present that claim to the panel in the first instance.

among other things, whether Plaintiff could have sought to recover its attorneys' fees in the original arbitration. *See Esslinger v. Baltimore City*, 622 A.2d 774, 782 (Md. Ct. Spec. App. 1993). As explained above, making such a determination would require the Court to rule on the very issues that well-established precedent reserves for the arbitration panel in the first instance.

### IV.     CONCLUSION AND ORDER

Accordingly, it is ORDERED that:

(1) Defendant's motion to dismiss the complaint or, in the alternative, to compel arbitration (ECF No. 14) is GRANTED IN PART and DENIED IN PART;

(2) Plaintiff's motion for an order directing the parties to promptly conduct a conference pursuant to FED. R. CIV. P. 26(f) (ECF No. 22) is DENIED AS MOOT,

(3) This case is STAYED pending the resolution of the parties' arbitration;

(4) The parties are DIRECTED to submit this claim to arbitration within 60 days of the date of this Order;

(5) The parties are DIRECTED to enter a filing on the docket immediately upon the conclusion of the arbitration;

(6) The Clerk is DIRECTED to remove this case from the active docket.

Dated this 19th day of March, 2013

BY THE COURT:

_____/s/_____
James K. Bredar
United States District Judge